People v Sherman H. (2023 NY Slip Op 02985)

People v Sherman H.

2023 NY Slip Op 02985

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 0013/19 Appeal No. 417 Case No. 2022-02206 

[*1]The People of the State of New York, Respondent,
v
Sherman H., Defendant-Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Leonard Simmons of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Order, Supreme Court, New York County (Diane Kiesel, J.), entered on or about February 10, 2022, which, after a hearing, found that defendant has a dangerous mental disorder; and order, same court and Justice, entered on or about February 15, 2022, which committed him to the custody of the Commissioner of Mental Health for confinement in a secure facility for six months from the date of the order, unanimously affirmed, without costs.
The People established by a preponderance of the evidence that defendant continues to suffer from a dangerous mental disorder, as defined in CPL 330.20(1)(c), requiring confinement in a secured facility, as opposed to a mental illness, as defined in CPL 330.20(1)(d), requiring confinement in a nonsecure facility. The evidence presented at the hearing, including the testimony of the People's two psychiatric expert witnesses, established that defendant suffers from a dangerous mental disorder, in light of, among other things, the nature and recency of the underlying homicide, defendant's extended high-speed police chase on an earlier day during the same manic episode leading to the underlying offense, his possession of a firearm, his inconsistent compliance with his medication, and his lack of insight into his mental illness (see Matter of Carpinello v Floyd A., 23 AD3d 179, 182 [1st Dept 2005]; see also Matter of State of N.Y. Off. of Mental Health v Jared C., 115 AD3d 437 [1st Dept 2014]). Under the particular circumstances of this case, it is not dispositive that defendant's condition had been in remission for over two years at the time of the court's decision. There is no basis for disturbing the hearing court's credibility determinations as to the expert witnesses called by both parties (see Matter of George L., 85 NY2d 295, 305 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023